UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CITY OF SOUTHAVEN, MISSISSIPPI                                     PLAINTIFF

VS.                                                        CIVIL ACTION NO. 2:07cv58-B-A

DATAMATIC, LTD.                                                     DEFENDANT

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S EIGHTH MOTION *IN LIMINE*

COMES NOW, Plaintiff, City of Southaven, Mississippi ("Southaven"), by and through counsel, and respectfully submits its Response in Opposition to Defendant Datamatic, Ltd.'s ("Datamatic") Eighth Motion *in Limine*.

I. INTRODUCTION

Datamatic's Eighth Motion *in Limine* requests "that this court rule in advance of trial that no evidence or mention by counsel or witness may be introduced or made concerning previous claims and/or previous lawsuits regarding the Defendant other than those associated with AMR Concepts, Inc., also known as U.S. Fluids, Inc." See *First Motion* in Limine, at 1. In support of this request, Datamatic argues that "[a]ny evidence, testimony, or statements regarding previous claims which the Defendant has been involved in is not an issue in this matter." *Id.* at ¶ 3.[1] Datamatic further argues that "any evidence, testimony or statements regarding previous lawsuits and/or previous claims, other than

---

[1] Similarly, Datamatic asserts that "[a]ny and all previous lawsuits regarding the Defendant other than those involving AMR Concepts, Inc., also known as U.S. Fluids, Inc., are wholly and completely unrelated to the matter at hand." See *First Motion* in Limine, at ¶3.

those involving AMR Concepts, Inc., also known as U.S. Fluids, Inc., would not assist the trier of fact in determining the true issues in this case." *Id.*

In light of Datamatic's request to exclude evidence of any previous lawsuits or claims against it, it must be observed that Datamatic has designated three (3) expert witnesses, Mr. Mark Meadows, Mr. Frank Veloski and Mr. Russell Herring, to testify in support of Datamatic's claim that the problems with the automatic meter reading system, which by Datamatic's own admission could not "**be relied upon for use**," were caused not by product defect, but rather by improper installation. See *Exhibit "A"* hereto, at 1 ("Project Objectives") (emphasis added).[2] Thus, Datamatic has firmly placed into issue in this case whether or not its products were defective, such that evidence of other examples where Datamatic furnished automatic water meter-reading systems and/or products insufficient or otherwise unable to accurately measure water usage are relevant. Accordingly, evidence of other lawsuits and/or claims against Datamatic should be admitted at trial.

## II.   STATEMENT OF FACTS

In light of Datamatic's request that the Court exclude any and all evidence of previous lawsuits or claims against it, the sheer number of cities that purchased defective automatic water meter-reading systems and/or equipment from Datamatic should be observed. Among others, suit was filed against Datamatic by the City of Anderson, California, which alleged claims remarkably similar to those asserted in the current matter. See *Exhibits "C"* and *"D"* hereto. Through its investigation in this matter, Southaven has further learned that the City of St. Helena, California also obtained Fireflies

---

[2] Datamatic's Designation of Expert Witnesses is attached as *Exhibit "B"* hereto.

and other related equipment from Datamatic, which Robert Brownell, St. Helena's Chief Water Distribution Operator, attested were "**inadequate for the purpose and function for which they were purchased.**" See *Exhibit "E"* hereto, at ¶ 11 (emphasis added). Mr. Brownell further attested to the fact that "**[t]he failure of the Firefly units was due to equipment failure and not improper installation.**" *Id.* at ¶ 14 (emphasis added).[3] Similarly, Bill Foshee, the general manager for the Douglas [Alabama] Water Authority, attested that "**the Fireflys manufactured by Datamatic were inadequate for the purpose and function for which they were purchased,**" and "**have proved to be wholly unreliable.**" See *Exhibit "F"* hereto, at ¶¶ 10-11 (emphasis added). Like his counterparts in Anderson and St. Helena, Mr. Foshee further attested that "**[t]he failure of the Firefly units was due to equipment failure and not improper installation.**" *Id.* at ¶ 12 (emphasis added).

### III. ARGUMENT

As set forth above, Datamatic has expressly raised the issue of improper installation as a defense to Southaven's claims. It follows that any and all evidence of matters contrary to this defense are relevant. See Fed. R. Evid 402 (2007) ("All relevant evidence is admissible ... ."). Similarly, in raising the defense of improper installation, Datamatic has opened the door to any and all evidence showing that the problems with Datamatic's equipment are inherent to the products, themselves, under Mississippi law. See *Randall v. State*, 806 So.2d 185, 198 (Miss. 2001) (holding that where a party raises an issue, he may not complain about the opposing party's decision "to accept the benevolent invitation to cross the threshold.") (citing *Doby v. State*, 557 So.2d 533, 539 (Miss. 1990)); see also *Reddix*

---

[3] It should be observed that Ted Wrask, the Public Works Supervisor for the City of Anderson, also attested that, in his opinion, "the failure of the Firefly units in the City of Anderson was due to equipment failure and not improper installation." See Exhibit "D" hereto, at ¶ 15 (emphasis added).

3

*v. State*, 381 So.2d 999, 1009 (Miss. 1980) (stating that if a party "goes fishing ... he must take such fish as he catches.").

As set forth above, while Datamatic seeks to exclude all evidence of previous lawsuits and/or claims against it, it has specifically exempted from its motion any lawsuit or claims "associated with AMR Concepts, Inc., also known as U.S. Fluids, Inc." See *First Motion* in Limine, at 1. The apparent reason for this exclusion is so that Datamatic might introduce testimony from various witnesses deposed at Datamatic's insistence, who testified that they believed the problems associated with Datamatic's equipment involved improper installation by U.S. Fluids/AMR Concepts, rather than any inherent flaw.[4] Principles of equity demand, however, that in the event Datamatic chooses to invoke evidence of improper installation as an explanation for the failure of its equipment in Southaven, Southaven should be allowed to educate the jury that not all problems encountered with Datamatic's equipment can be traced to improper installations performed by U.S. Fluids/AMR Concepts. Accordingly, Datamatic's request that this court exclude evidence of "previous claims and/or previous lawsuits regarding the Defendant other than those associated with AMR Concepts, Inc., also known as U.S. Fluids, Inc.," should be denied.

---

[4] It should be observed that former Datamatic employee, Charlie Tingle, testified as follows:

> Q. **Mr. Tingle, did I understand you to say earlier that you're aware of problems encountered with Datamatic equipment that was sold by dealers besides AMR?**
>
> A. **I think all the dealers had questions and needed help from Datamatic.**

See *Exhibit "G"* hereto, at 48 (emphasis added).

## IV. CONCLUSION

The deposition testimony, pleadings and other evidentiary materials in this case clearly establish that the Defendant, Datamatic, Ltd., has placed the alleged improper installation of its equipment by U.S. Fluids/AMR Concepts into issue in this case. Thus, any and all evidence showing the illegitimacy of this defense is relevant and should be admitted at trial. Accordingly, Datamatic's Eighth Motion *in Limine* should be denied.

Respectfully submitted, this 30th day of June, 2008.

                        **CITY OF SOUTHAVEN**

                BY: */s/ Leo J. Carmody, Jr.*
                     MARK K. SORRELL, MSB# 7695
                     DAVID E. ROZIER MSB # 5712
                     LEO J. CARMODY, JR., MSB # 100738
                     *ATTORNEYS FOR PLAINTIFF*

**OF COUNSEL:**

MARK K. SORRELL, ESQ.
City Attorney
City of Southaven, Mississippi
8710 Northwest Drive
Southaven, MS 38671

DAVID E. ROZIER, ESQ.
LEO J. CARMODY, JR., ESQ.
Robinson Biggs, Ingram, Solop & Farris, PLLC
130-A Courthouse Square
Oxford, MS 38655

Ph:       (662) 236-1500
Fax:     (662) 236-4910
E-Mail:  drozier@rbisf.com
           lcarmody@rbisf.com

## CERTIFICATE OF SERVICE

I, Leo J. Carmody, Jr., do hereby certify that I have this date electronically filed the foregoing Notice of Deposition with the Clerk of Court using the ECF system which sent notification of such filing to the following:

>Edward A. Moss, Esq.
>Richard Lewis Yoder, Jr., Esq.
>HOLCOMB DUNBAR
>1217 Jackson Avenue
>Oxford, MS 38655

And by U.S. Mail, postage prepaid to:

>Mark Sorrell, Esq.
>8710 Northwest Drive
>Southaven, MS 38671

This the 30th day of June, 2008.

>/s/ Leo J. Carmody, Jr.
>Leo J. Carmody, Jr.