IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CITY OF SOUTHAVEN, MISSISSIPPI                                              PLAINTIFF

V.                                                           CIVIL ACTION NO. 2:07CV58-B-A

DATAMATIC, LTD.                                                              DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion to dismiss. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

On November 21, 2006, the plaintiff, City of Southaven, Mississippi, filed this action in the Circuit Court of DeSoto County, Mississippi, asserting claims of negligence, misrepresentation, and the breach of various warranties against the defendant, Datamatic, Ltd. The claims arise from Southaven's purchase of a "Firefly" Automatic Meter Reading System manufactured by the defendant and sold to the city and installed by AMR Concepts, which is not a party to this action. The city purchased the system at a cost of approximately 1.3 million dollars and alleges that the system has never worked properly and is useless. The defendant removed the case to this court on the basis of diversity jurisdiction and filed the present motion asserting that the action is barred by the applicable statute of limitations.

Analysis

In ruling on a 12(b)(6) motion to dismiss, "the court must liberally construe the complaint in favor of the plaintiff and assume the truth of all pleaded facts." *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). "The court may dismiss a claim when it is clear that the plaintiff can prove

no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

The defendant asserts that the statute of limitations applicable to this case is found in Miss. Code Ann. § 15-1-49(1) which provides a three-year limitation for all actions "for which no other period of limitation is prescribed . . . ." The plaintiff argues that this action is not subject to a statute of limitations because, according to Miss. Code Ann. § 15-1-51 and Article 4, § 104, of the Mississippi Constitution of 1890, statutes of limitations "shall not run against the state, or any subdivision or municipal corporation thereof . . . ." The defendant, however, contends that Miss. Code Ann. § 15-1-51 and Article 4 are unconstitutional as applied to municipalities which are engaged in a proprietary function.

The defendant argues that municipalities, which serve as both governmental entities and as corporations performing proprietary services, should be immune from limitations only when performing governmental functions. According to the defendant, the majority of states do not provide municipalities with immunity from limitations when the municipality is acting in a corporate or private capacity. Because the management of a utility (in this case the operation of a waterworks system) is proprietary or corporate in nature, the defendant urges that the City of Southaven be treated as any other private corporation in this case.

The defendant sets forth Fourteenth Amendment equal protection and substantive due process arguments, asserting that Sections 104 and 15-1-51 are arbitrary rules of law which create disparate classifications between municipal corporations and other corporations or private citizens and that neither the law nor those classifications created by it are rationally related to a legitimate state interest. The parties agree that no suspect class or fundamental right is

2

implicated in this case and that to pass constitutional muster, Sections 104 and 15-1-51 must only be rationally related to a legitimate state interest. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985).

The Mississippi Supreme Court has expressly rejected the argument that a municipality acting in a proprietary function should be deprived of the protection of Miss. Code Ann. § 15-1-51 when faced with a statute of limitations defense. *Murphree v. Aberdeen-Monroe County Hosp.*, 671 So. 2d 1300 (Miss. 1996). The *Murphree* court stated, "Although this court has held that municipalities are amenable to suit when acting in a proprietary capacity, we have never applied this dichotomy to counties or to a municipality's availment of § 15-1-51. We decline to do so today." *Id.* at 1304. Though, as the defendant notes, the Mississippi Supreme Court was not addressing a constitutional challenge in *Murphree*, this court nevertheless gives considerable weight to the court's refusal to apply the dichotomy urged by the defendant. Despite the lack of constitutional analysis contained therein, *Murphree* remains the closest authoritative precedent applicable to the case at bar, and the court finds that considerably strained reasoning would be required to diverge from that ruling. The court has, however, considered the constitutional argument set forth by the defendant and finds that extensive constitutional analysis is unnecessary in this case because it is clear that Sections 104 and 15-1-51 are rationally related to a legitimate state interest. The Mississippi Supreme Court has stated that the purpose of Sections 104 and 15-1-51 "is that the body politic should not suffer because of the neglect or procrastination of its public servants in promptly asserting and protecting rights of the general public in civil matters." *Miss. State Hwy Comm'n v. New Albany Gas Systems*, 534 So. 2d 204, 207 (Miss. 1988). As the plaintiff notes, "in filing its claims against Datamatic, Southaven seeks

to recover taxpayer money that was paid to acquire an electronic meter reading system that would ultimately reduce the operating costs associated with its water utility department." Because the primary beneficiaries of this system would have been the city's water customers and taxpayers, i.e., the "general public," and because Southaven's public officials may have procrastinated in protecting the rights of that group in this matter, application of Sections 104 and 15-1-51 in this case serves the legitimate state interest as described by the Mississippi Supreme Court in the *New Albany Gas Systems* case.

It is axiomatic that the state and its political subdivisions hold a legitimate interest in promoting the public welfare. The court finds that application of Article 4, § 104, of the Mississippi Constitution of 1890 and Miss. Code Ann. § 15-1-51 are rationally related to that interest. In the absence of binding authority to the contrary, the court holds that these laws are constitutional as applied in the present case.

The defendant also sets forth an argument based on the doctrine of laches. In *Miss. State Highway Comm'n v. New Albany Gas Systems*, 534 So. 2d 204, 208 (Miss. 1988), the Mississippi Supreme Court stated: "The weight of authority is to the effect that, generally speaking, laches will not be attributed to the State, especially when it is acting in its sovereign capacity or exercising rights on behalf of the general public . . . ." The defendant argues that inherent in this statement is the opposite position that when the state is not acting in its sovereign capacity or exercising rights on behalf of the general public, the doctrine of laches may apply. The defendant has cited no authority in support of this interpretation, however; and the court is unwilling to extrapolate such an absolute rule from the state court's pronouncement especially considering the court's use of the qualifying term "especially." Of course, such an interpretation

4

as urged by the defendant would not benefit Datamatic's cause in the first instance, as this court has already determined that, for all practical purposes, the City of Southaven is acting on behalf of the "general public" in this matter.

## Conclusion

For the foregoing reasons, the court finds that the defendant's motion to dismiss should be denied. A separate order in accord with this opinion shall issue this day.

This, the 6th day of August, 2008.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**