IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CITY OF SOUTHAVEN, MISSISSIPPI                                                        PLAINTIFF

V.                                                                        CIVIL ACTION NO. 2:07CV58-B-A

DATAMATIC, LTD.                                                                        DEFENDANT

## ORDER

This cause comes before the court upon the defendant's motions *in limine*. Upon due consideration, the court is ready to rule.

The defendant's First Motion *in Limine* seeks to exclude "any evidence or comment concerning the plaintiff's claims alleging Negligent Design and Vicarious Liability for the Negligent Training and Supervision of AMR Concepts . . . ." The court finds that the motion is meritorious because negligence and strict liability claims are subject to the "economic loss doctrine." "The overwhelming majority of courts that have confronted the issue have concluded that a plaintiff who suffers only economic loss as the result of a defective product may have no recovery in strict liability or negligence, though such damage may be pursued under a breach of warranty theory of liability." *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 736 So. 2d 384, 387 (quoting *East Mississippi Elec. Power Ass'n v. Porcelain Products Co.*, 729 F. Supp. 512, 514 (S.D. Miss. 1996)). Southaven alleges only economic injury in the case at bar; thus, these claims are barred, and the defendant's First Motion *in Limine* should be granted.

The defendant's Second Motion *in Limine* seeks to exclude evidence concerning the plaintiff's claim for breach of warranty of fitness for a particular purpose. "The warranty of fitness for a particular purpose involves selection, and to recover under this implied warranty, there must be some relationship between the reason the goods are unfit and the type or kind of

goods selected for the particular purpose." *Lacy v. Morrison*, 906 So. 2d 126, 131 (Miss. Ct. App. 2004). The defendant asserts that this claim is barred because Datamatic was not involved in the sale of its equipment to the plaintiff and exercised no control over the selection of goods ultimately supplied. Contrary to the defendant's assertion, the record reveals that Datamatic was involved in the purchase and exercised some control over the selection of goods. For this reason, the court will deny the defendant's Second Motion *in Limine*.

The defendant's Third Motion *in Limine* seeks to exclude evidence concerning the plaintiff's claim for breach of express warranty. Datamatic asserts that the plaintiff has produced no contract between Datamatic and Southaven. The court notes, however, that an express warranty entitled "Datamatic.com, Ltd. Firefly Limited Warranty" was attached to an agreement signed by Datamatic's authorized dealer. The agreement states that "All warranties are provided by and serviced by Datamatic," and the attached warranty states that it "warrants Product supplied hereunder to be free from defects in materials and workmanship for a period of five (5) years from the date of shipment . . . ." Sales orders evidencing Datamatic's shipments to Southaven expressly acknowledge that the products were subject to an express warranty, and Datamatic's officers and employees have testified that express warranties and product representations were extended to Southaven. For these reasons, the court finds that the defendant's Third Motion *in Limine* should be denied.

The defendant's Fourth Motion *in Limine* seeks to exclude any evidence concerning the existence of a fully signed and executed contract between the plaintiff and the defendant. The court finds that this motion should be carried forward to trial.

The defendant's Fifth Motion *in Limine* seeks to exclude allegedly improper opinion testimony from former Datamatic employee Charlie Tingle. The court finds that this motion should be carried forward to trial.

The defendant's Sixth Motion *in Limine* seeks to exclude evidence of settlement negotiations and offers to settle or compromise between the parties. The court finds that this motion should be granted.

The defendant's Seventh Motion *in Limine* seeks to exclude the possibility of punitive damages. The court finds that this motion should be carried forward to trial.

The defendant's Eighth Motion *in Limine* seeks to exclude evidence of previous claims or other lawsuits against AMR Concepts. The court finds that this motion should be carried forward to trial.

It is, therefore, **ORDERED AND ADJUDGED**

that the defendant's First and Sixth Motions *in Limine* shall be **GRANTED**;

that the defendant's Second and Third Motions *in Limine* shall be **DENIED**; and

that the defendant's Fourth, Fifth, Seventh, and Eighth Motions *in Limine* shall be carried forward to trial.

This, the 6th day of August, 2008.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**