IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CITY OF SOUTHAVEN, MISSISSIPPI                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 2:07CV58-B-A

DATAMATIC, LTD.                                                  DEFENDANT

## ORDER

This cause comes before the court upon the defendant's motion for certification pursuant

to 28 U.S.C. § 1292(b).  The defendant, Datamatic, Ltd., moves the court for an order certifying

the court's order of August 6, 2008, as an immediately appealable interlocutory decision.

On August 6, 2008, this court issued its order and memorandum opinion denying the

defendant's motion to dismiss.  The defendant argued that the present action is barred by the

statute of limitations, despite the fact that Miss. Code Ann. § 15-1-51 and Art. 4, § 104, of the

Mississippi Constitution of 1890 provide that statutes of limitations "shall not run against the

state, or any subdivision or municipal corporation thereof . . . ."  The defendant challenged

Sections 104 and 15-1-51 as unconstitutional as applied to a municipal corporation engaged in a

proprietary function.  The court was unpersuaded by the defendant's argument.

Title 28 U.S.C. § 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order involves a
> controlling question of law as to which there is substantial ground for difference
> of opinion and that an immediate appeal from the order may materially advance
> the ultimate termination of the litigation, he shall so state in writing in such order.
> The Court of Appeals which would have jurisdiction of an appeal of such action
> may thereupon, in its discretion, permit an appeal to be taken from such order, if
> application is made to it within ten days after the entry of the order . . . .

The question of law addressed in this court's August 6, 2008, order is whether an applicable

statute of limitations applies in this case or whether Miss. Code Ann. § 15-1-51 and Art. 4, §

104, of the Mississippi Constitution provide the plaintiff, a municipal corporation, with immunity from limitations.

In addition to the immunity issue, two other unresolved issues relating to the statute of limitations matter remain in this case. First, the date the cause of action accrued has yet to be determined. In a letter to Datamatic dated November 25, 2003, an agent of the City stated that "the issues with your FIREFLY Automatic Meter Reading System . . . have been ongoing for 2 years now." The City also stated in its memorandum brief to this court that it "began encountering problems with Datamatic's equipment almost immediately after installation began." Southaven, however, asserts that its claims did not arise until March 10, 2004, when Datamatic cancelled its software licensing agreement with the City. Second, the court has made no ruling as to which statute of limitations applies. The plaintiff argues for application of the six-year limitation period relating to actions arising from contracts for the sale of goods found at Miss. Code Ann. § 75-2-725(1), while the defendant argues that the "catch-all" statute, Miss. Code Ann. § 15-1-49, applies. If the defendant prevails on both the accrual and statute applicability issues, then the question of law certified by this order for interlocutory appeal is controlling as the answer could terminate this litigation.

The court also finds that substantial ground for difference of opinion exists as to the controlling question of law. The defendant cites a number of cases from other states in which the courts held that a municipality is not provided with immunity from limitations when the municipality is acting in a corporate or private capacity. As the court noted in its August 6, 2008, memorandum opinion, the Mississippi Supreme Court has expressly refused to make a distinction between governmental and proprietary functions in the context of municipal

immunity from limitations. In *Murphree v. Aberdeen-Monroe County Hosp.*, 671 So. 2d 1300, 1304 (Miss. 1996), the court stated, "Although this court has held that municipalities are amenable to suit when acting in a proprietary capacity, we have never applied this dichotomy to counties or to a municipality's availment of § 15-1-51. We decline to do so today." Unlike this court, however, the *Murphree* court was not faced with a constitutional challenge to the statute. The court therefore disagrees with the plaintiff's assertion that the Fifth Circuit is *Erie*-bound by *Murphree*. Because the constitutional issue presented is one of first impression in Mississippi and because it appears that some courts in certain other states have reached the opposite conclusion of the *Murphree* court, this court finds that substantial ground for difference of opinion exists.

Finally, the court finds that an immediate appeal will materially advance the ultimate termination of the litigation and best serve the interest of judicial economy. For the foregoing reasons, the court finds that the defendant's motion is well-taken and should be granted and that an interlocutory appeal is in order.

The following issues have been raised in this matter and remain to be finally resolved: (1) the date the cause of action accrued; (2) which statute of limitations applies; (3) whether the City may enjoy immunity from the limitation period in this case which undisputedly involves a proprietary function; and (4) whether Datamatic or AMR Concepts is liable for any alleged damage. Because the first two questions should be addressed prior to trial and were not because the court's 12(b)(6) ruling on the third question rendered them moot, the court finds that the trial of this cause – which should answer the fourth question – shall be continued until further notice. The court will, however, conduct a hearing on the first two questions on the date originally set as

the first date of the trial – Monday, August 18, 2008, at 10:00 a.m.  At that time the court will

hear arguments regarding the date the cause of action accrued and whether the three or six-year

statute of limitations applies.  The court, therefore, exercises its discretion as provided in 28

U.S.C. § 1292(b) not to stay proceedings in this action during the interlocutory appeal process.

It is, therefore, **ORDERED AND ADJUDGED**

that the defendant's motion for certification is **GRANTED** pursuant to 28 U.S.C.
§ 1292(b), and the defendant is granted leave of this court to request that the
United States Court of Appeals for the Fifth Circuit take up this interlocutory
appeal;

that the trial of this cause set for August 18, 2008, is **CONTINUED** until further order of
the court; and

that a hearing is set in this cause for August 18, 2008, at 10:00 a.m. in the United States
Courthouse in Oxford, Mississippi, on the issue of law as to when the cause of action, if
any, accrued in this case; on the issue of law as to which statute is applicable; and on the
issue of whether there exists a contract between the plaintiff and the defendant.

This, the 13th day of August, 2008.

_/s/ Neal Biggers_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**

4